UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,
vs.

RICOR ENTERPRISES, INC.

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Ricor Enterprises, Inc. ("Defendant") for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is a "tester" to determine whether public accommodations, including Defendant, are in compliance with the ADA and ADAAG.

5. Defendant Ricor Enterprises, Inc. Florida for-profit corporation authorized to transact business in Florida and is the owner of Folio 01-4110-063-0200 which represents commercial real property located at 1548 SW 8th Street, Miami, Florida 33135 which is build out as a full-service restaurant.

**FACTS**

6. At all times material hereto, Defendant has operated its 1548 SW 8th Street commercial property as a bar and restaurant under the name "El Pub."

7. Defendant's El Pub restaurant specializes in Cuban breakfast, lunch and dinner service. The El Pub restaurant also serves alcoholic beverages. The El Pub restaurant is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The El Pub restaurant which is the subject to this action is also referred to as "restaurant," or "place of public accommodation."

8. As the owner/operator of a restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private

entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

9. Due to the close proximity of Defendant's restaurant to Plaintiff's home, on September 6, 2021 Plaintiff went to that restaurant with the intent of dining therein and testing compliance with the ADA and ADAAG.

10. While perambulating into the restaurant, Plaintiff met architectural barriers to access due to the fact that he uses a wheelchair for mobility. Then, while dining in the restaurant, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff had difficulty in utilizing the restroom without assistance due to multiple areas of inaccessibility. Due to the inaccessible facilities, Plaintiff has been denied full and equal access.

11. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by Defendant.

12. While Plaintiff dined at Defendant's restaurant, he left feeling excluded, humiliated and dejected.

13. As a result of discrimination by Defendant, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

14. On information and belief, as an owner of commercial property being used as a place of public accommodation and as the operator of the El Pub restaurant located therein, Defendant is aware of the need to provide equal access to individuals with disabilities. Therefore, Defendant's failure to reasonably accommodate individuals with disabilities at its restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

15. Plaintiff is and has been a customer of Cuban restaurants and continues to desire to return to Defendant's El Pub restaurant as a patron and/or tester, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the barriers to access which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's restaurant in order to dine therein, however Plaintiff was denied adequate accommodation

4

because (as a disabled individual who utilizes a wheelchair for mobility) when he patronized the restaurant, he encountered barriers to access. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant has discriminated, and continues to discriminate, against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its El Pub restaurant, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the El Pub restaurant.

23. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. Defendant's commercial property, which it operates as the El Pub restaurant, is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and

Defendant has discriminated against the Plaintiff as a result of *inter alia*, the following specific violations:

    i.    Plaintiff perambulated to the main entrance, and found that the main entrance door is inaccessible due to a step-up at the entry and does not have signage posted indicating the location of an accessible entrance.  Since entrance of the restaurant does not have signage displaying the international symbol for accessibility nor does it have a sign indicating an accessible entrance, the restaurant is in violation of 28 C.F.R. Part 36 and ADA Code §216.6.

    ii.    Plaintiff had difficulty using the secondary entrance without assistance, as the entry to the door has a sloped surface that does not provide the required maneuvering clearance.  This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.  Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.  The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

    iii.    There are permanently designated interior spaces without proper signage location, Signage is mounted on the door leaf without braille or raised characters violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

    iv.    Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance (clear width) at the restroom entry door is not provided.  The fact that the restroom entry door does not provide the required maneuvering

      clearance is a violation Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards for Accessible Design.

  v.  Plaintiff could not enter the restroom without assistance as the Defendant has installed knob-type door hardware which is not accessible to the disabled and which is in a violation of the ADAAG and the 2010 ADA Standards for Accessible Design. Handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R., Part 36 Section 4.13.9 and Section 4.27.4 requires controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs.  Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds.

  vi.  Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles. Failure to provide pull handles on both sides of the door near the latch is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

  vii.  Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges.  This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing.  This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG.  Section 4.17.5 states that toilet door hardware must comply with Section

    4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

viii. Plaintiff had difficulty locking the stall door, as the locking hardware is non-compliant. Failure to provide door hardware which is accessible to the disabled is a violation of the ADAAG and the 2010 ADA Standards for Accessible Design. Section 4.27.4 requires controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs. Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip.

ix. Plaintiff could not transfer to the toilet without assistance, as the bathroom toilet compartment has no rear wall grab bar. The lack of a rear wall grab bar is in violation of the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and is in violation Sections 604.5.2 and 609 of the 2010 ADA Standards for Accessible Design. These sections state that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

x. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not the required length. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 36 inches (915 mm) long minimum

        and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

xi. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall.  This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

xii. Plaintiff could not transfer to the toilet without assistance, as the required clear floor space in the accessible stall was not provided due the encroaching lavatory stall wall. This is a violation Section 4.17.3 of the ADAAG and Section 604.8.1.1 of the 2010 ADA Standards for Accessible Design which states that wheelchair accessible compartments shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

xiii. Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall.  This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet).  The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 cm) from the secondary side wall (to the center of the toilet).

xiv. Plaintiff could not transfer to the toilet without assistance, as the toilet seat (water closet) does not have the required height to the top of the seat.  This is a violation of

    Section 4.16.3 of the ADAAG which states that the height of water closets shall be 17 in to 19 in (430 mm to 485 mm), measured to the top of the toilet seat, as depicted at Fig. 29(b) of that section.  This is also a violation of Section 604.4 of the 2010 ADA Standards for Accessible Design which states the same dimensions as Section 4.16.3 are required for mounting of toilet seats.

xv. Plaintiff could not use the urinal without assistance, as the urinal is mounted above the required height to top of the rim.  This is a violation of Section 4.18.2 of the ADAAG and Section 605.2 of the 2010 ADA Standards for Accessible Design. Section 4.18.2 states that urinals shall be stall-type or wall-hung with an elongated rim at a maximum of 17" (430 mm) above the floor.  Likewise, Section 605.2 states that both the stall-type or the wall-hung type with the rim 17" maximum above the finish floor or ground. and shall be 13½ inches (345 mm) deep minimum measured from the outer face of the urinal rim to the back of the fixture.

xvi. Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 and Figure 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b).  Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind

|      |      |
| ---- | ---- |
|      | grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections. |
| xvii. | Plaintiff could not exit the stall area without assistance as the required maneuvering clearance on the pull side of the door is not provided. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. |
| xviii. | Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design. |
| xix. | Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted at the required location. As the paper towel dispenser is not mounted at the required location, this is a violation of Section 4.2.5 of the ADAAG which states that the maximum high forward reach allowed shall be 48 in (1220 mm) (see Fig. 5(a)), |

       and the minimum low forward reach is 15 in (380 mm), and Section 308.2.1 of the 2010 ADA Standards for Accessible Design which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

xx. Overall, Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Failure to provide compliant clear floor space in the restroom is a violation of Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standard of Accessible Design.

xxi. Plaintiff could not exit the restroom stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make its El Pub restaurant accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Ricor Enterprises, Inc. and requests the following relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its commercial property and the El Pub restaurant located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 25th day of October, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*